497 F.2d 399
 Joseph FETSKO, Administrator of the Estate of Patricia Ann
Fetsko, Deceased, Appellant,
v.
GREYHOUND LINES, INC.
Joseph G. GRESS, Administrator of the Estate of Mary Ellen
Gress, Deceased, Appellant,
v.
GREYHOUND LINES, INC.
v.
Joseph FETSKO, Administrator of the
Estate of Patricia Ann Fetsko, Deceased.
Joseph G. GRESS, Administrator of the Estate of Mary Ellen
Gress, Deceased,
v.
GREYHOUND LINES, INC.
v.
Joseph FETSKO, Administrator of the
Estate of Patricia Ann Fetsko, Deceased, Third
Party Defendant, Appellant.
 Nos. 73-1392 to 73-1394.
 United States Court of Appeals, Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Nov. 26, 1973.
Decided May 15, 1974.
 
 Donald E. Ziegler, Catalano, Ziegler & Maloney, Pittsburgh, Pa., for appellants in Nos. 73-1392, 73-1393.
 Herman C. Kimpel, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee, Greyhound Lines, Inc.
 Richard H. Galloway, Greensburg, Pa., for appellant in No. 73-1394.
 Before KALODNER, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 In Fetsko v. Greyhound Corporation, 461 F.2d 754 (3rd Cir. 1972), we reversed the district court's order dismissing these diversity wrongful death actions, and remanded for a new trial. After completion of plaintiffs' case at the second trial, the district court once again dismissed these actions. The critical issue presented by the instant appeals is whether the district court acted in disregard of our prior ruling by dismissing for a second time.
 
 
 2
 These actions stem from a collision on March 3, 1968 between a car and a Greyhound bus. The car, carrying Patricia Ann Fetsko and Mary Ellen Gress, the driver and passenger, respectively, was travelling in the northbound passing on Route 51, Elizabeth Township, Allegheny County, when it skidded across the center divider and was struck head on by the bus, which was travelling in the southbound passing lane. The car's occupants died as a result of the collision, and these suits were brought by the administrators of the Fetsko (C.A. 68-1071) and Gress (C.A. 68-1073) Estates. The defendant subsequently impleaded the Fetsko Estate as a third-party defendant.
 
 
 3
 Following completion of the plaintiffs' liability portion of the case in the first trial of these suits, the district court granted a directed verdict in favor of the defendant on the ground that 'there is no evidence of negligence on the part of the defendant.' The court went on to state that its ruling was 'apart from any question of contributory negligence which I think would be a jury question.'
 
 
 4
 In reversing and remanding for a new trial, we said:
 
 
 5
 'We conclude that there was some evidence tending to show that the deaths of plaintiffs' decedents were caused by the inability of the Greyhound bus driver to take available evasive action, and that this inability was the result of his excessive speed and inattention. That evidence was sufficient to avoid a directed verdict. The case on liability was hardly a strong one, but it was sufficient to require submission of that issue to the jury.' 461 F.2d at 757.
 
 
 6
 On the question of Fetsko's contributory negligence we said:
 
 
 7
 'The district court properly concluded that a jury question was presented, as to the contributory negligence of the decedent Fetsko, the driver, by the evidence that gravel in the roadway caused her car to skid into the southbound lane.' 461 F.2d at 756.
 
 
 8
 Upon remand, plaintiffs presented liability evidence which was virtually identical to that reviewed in our prior opinion.
 
 
 9
 The district court stated at the close of plaintiffs' evidence that it 'would be inclined now on the basis of what we have heard at this trial both to find that as a matter of law there was contributory negligence on the part of the driver' and 'that there has been no proof of any . . . operative negligence on the part of the Defendant.'
 
 
 10
 The district court later that day granted the defendant's written alternative motions for an involuntary dismissal under Fed.R.Civ.P. 41(b) and/ or for a directed verdict under Fed.R.Civ.P. 50, and the actions were docketed as dismissed.[1]
 
 
 11
 We are of the opinion that the district court erred in holding that jury questions were not presented by plaintiffs' evidence on the issues of defendant's negligence and decedent Fetsko's contributory negligence.
 
 
 12
 In doing so the district court acted in inexplicable disregard of our prior holding that plaintiffs' virtually identical testimony at the first trial respecting liability presented jury questions.
 
 
 13
 For the reasons stated, the Orders of the district court will be reversed and the cause remanded for a new trial.
 
 
 
 [1]
 We note that a motion for involuntary dismissal is unavailable under Rule 41(b) in cases, as this one, which are tried before a jury. Notes of Advisory Committee on 1963 Amendments to Rule 41(b); Carroll v. Seaboard Air Line Railroad Co., 371 F.2d 903, 904 n. 3 (4th Cir. 1963). We do not view this as reversible error, since, apart from the fact that the district court did grant defendant's alternative motion for a directed verdict, motions for involuntary dismissal in jury cases have been treated as motions for a directed verdict. See, e.g., Woods v. National Life & Accident Ins. Co., 347 F.2d 760, 768-769 (3d Cir. 1965)